**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Wade McCune, | No. CV-22-00323-TUC-JCH |
| Appellant, | **ORDER** |
| v. | |
| Josephine E Salmon, et al., | |
| Appellees. | |

Appellant Mark Wade McCune proceeding pro se, filed (1) "Emergency Motion for New Federal Judge for Case CV-22-00323 Due to Judge Hinderaker Bias" ("Motion I"); and (2) "Appellants: Motion for Clarification, For (*sic*) time of Opening Brief Re: Appeal" ("Motion II"). (Docs. 5; 6.) As explained below the Court denies Motion I and grants Motion II to the extent the Court will set a briefing schedule.

On July 27, 2022, Appellant filed a Notice of Appeal in case number 4:21-BK-06099-SHG pending in the United States Bankruptcy Court for the District of Arizona.[1] (Doc. 2.) On May 18, 2022, the United States Bankruptcy Court for the District of Arizona

---

[1] This is Appellant's third attempt to appeal matters related to his adversary proceeding (4:22-ap-000-18-SHG) and his associated Chapter 13 bankruptcy proceeding (4:21-bk-06099-SHG). (*See* CV-22-00231-TUC-JCH; CV-22-00232-TUC-JCH). On July 11, 2022, this Court dismissed Appellant's interlocutory appeals in both matters for failure to meet the 28 U.S.C. § 1292(b) standards. (CV-22-00231-TUC-JCH, Doc. 9; CV-22-00232-TUC-JCH, Doc. 12). At that time a certificate of readiness had not yet issued in this case. (*See* CV-22-00232-TUC-JCH (Doc. 12 at 3.)

transmitted the record on appeal to this Court. (Doc. 1.) Appellant appeals the Judgment, dated July 20, 2022, issued by Bankruptcy Judge Scott H. Gan dismissing Appellant's adversary complaint with prejudice. (Doc. 7-8.).

In Motion I, Appellant resubmits his previous claim, (*See* CV-22-00232-TUC-JCH, Doc. 18), arguing this Court is biased and requests a new federal judge. Title 28, Section 455(b)(1), of the United States Code provides that a judge must disqualify himself where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" *Rynn v. First Transit Inc.*, No. CV-20-01309-PHX-JJT, 2021 WL 5882629, at *1 (D. Ariz. Dec. 13, 2021) (citing 28 U.S.C. § 455(b)(1)). Recusal pursuant to § 455(b) is required only if the bias or prejudice stems from an extra-judicial source, not from conduct or rulings during the course of the proceedings. *Rynn*, 2021 WL 5882629, at *1 (citing *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1046 (9th Cir. 1987), *aff'd*, 496 U.S. 543 (1990)). "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." *Rynn*, 2021 WL 5882629, at *1 (quoting *Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994)). Appellant again has failed to demonstrate that this Court has any bias or prejudice stemming from an extra-judicial source. Appellant has not established grounds for this Court's recusal. The Court denies Motion I.

In Motion II, Appellant seeks clarification on the deadline for his opening brief. As such, the Court will grant Motion II to the extent it requests a briefing schedule. To the extend Motion II requests additional relief, such relief is denied.

Accordingly,

**IT IS ORDERED DENYING** Appellant's Emergency Motion for New Federal Judge (Doc. 5.)

**IT IS FURTHER ORDERED GRANTING IN PART AND DENYING IN PART** Appellant's Motion for Clarification (Doc. 6.)

**IT IS ORDERED** as follows: pursuant to Local Rules of Bankruptcy Appeal Procedure 8009-1, 8009-2, 8010-1 and 8010-2, and FRPB 8009(a), the Appellant shall serve and file an opening brief (not to exceed 17 pages) with the Clerk of the United States

District Court, within fourteen (14) days of the date this Order is filed. The Appellee shall serve and file a responsive brief (not to exceed 17 pages) with the Clerk of the United States District Court, within fourteen (14) days after service of the Appellant's brief; and the Appellant may serve and file a reply brief (not to exceed 11 pages) with the Clerk of the United States District Court, within fourteen (14) days after service of the Appellee's brief. If the Appellee has cross-appealed, the Appellee may file and serve a reply brief to the response of the Appellant to the issues presented in the cross appeal (not to exceed 11 pages) within fourteen (14) days after service of the reply brief of the Appellant.

**FURTHER, TAKE NOTICE** that pursuant to Rule 16.2 of the Rules of Practice of the United States District Court for the District of Arizona, this action is designated an expedited track case.

**IT IS FURTHER ORDERED** that if this matter is stayed pending related proceedings, a written joint status report shall be due every six (6) months from date of the Order staying the case.

**IT IS FURTHER ORDERED** that failure to comply with provisions of the Local Rules of Bankruptcy Procedure and this Order may result in the Court taking action for failure to perfect the appeal, including possible dismissal pursuant to Rule 8020-1 of the Local Rules of Bankruptcy Appeal Procedure.

Dated this 23rd day of September, 2022.

_____
Honorable John C. Hinderaker
United States District Judge