**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Wade McCune,<br><br>    Appellant,<br><br>v.<br><br>Josephine E Salmon, et al.,<br><br>    Appellees. | No. CV-22-00323-TUC-JCH<br><br>**Order Affirming Bankruptcy Court** |

Before the Court is Appellant Mark Wade McCune's appeal from the Judgment and Memorandum Decision entered by the United States Bankruptcy Court for the District of Arizona (the "Bankruptcy Court"). (Adv. DE. 75, 76; Docs. 1, 14.)[1] On July 25, 2022, the Bankruptcy Court dismissed with prejudice Appellant's adversary proceeding complaint ("Complaint") and overruled Appellant's objection to Proof of Claim #4 in his Chapter 13 bankruptcy proceeding. (DE 43.)[2] Having reviewed the filings and considered the parties' arguments, the Court **AFFIRMS** both the Memorandum Decision and Judgment and **DENIES** all pending motions.

---

[1] "Adv. DE" references a docket entry in Adversary Proceeding 4:22-ap-00018-SHG ("Adversary Proceeding"). "A bankruptcy 'proceeding' is a dispute or matter arising within a pending case, as opposed to the case as a whole." 4 Fed. Proc. Forms § 9:53. "An 'adversary proceeding' is a complete civil lawsuit within the bankruptcy action." 4B Fed. Proc. Forms § 9B:956. "A matter qualifies as an 'adversary proceeding,' .... if it is included in the list given in Bankruptcy Rule 7001." *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1189 (9th Cir. 2011).

[2] "DE" references a docket entry in the underlying Bankruptcy Case 4:21-bk-06099-SHG.

I.     BACKGROUND

    A. Subject Loan[3]

The underlying dispute concerns real property (the "Property") inherited by Appellant in 2011 from his late mother Lois Knott ("Knott"). Before her death in 2006, Knott took out a Home Equity Line of Credit ("HELOC") and Deed of Trust (collectively the "Subject Loan") secured by the Property. The HELOC provided Knott with a 10 year "draw period" where she could withdraw funds, up to $100,000.00. Knott withdrew $54,000.00 in May 2003. After that, Knot drew various amounts from the HELOC, culminating with a final draw in the amount of $8,700.00 in August 2004 and bringing the total amount withdrawn to $100,000.00. The HELOC provided for a repayment period of 5 years after the 10 year "draw period" expired.

Nova Financial & Investment Corporation ("NOVA") was the original lender named in the HELOC and Deed of Trust. The Subject Loan was subsequently transferred to Appellee Wells Fargo Bank, N.A., in its capacity as Indenture Trustee for GMACM Home Equity Loan Trust 2004-HE1 (the "Trust"). PHH Mortgage Corporation ("PHH") services the Loan on behalf of the Trust, in other words, PHH collects payments and serves as the primary contact for the borrower, amongst other functions. The Trust appointed Western Progressive–Arizona, Inc. ("Western Progressive") to serve as the substitute trustee under the subject Deed of Trust.

According to Appellee Wells Fargo Bank N.A., Knott made payments on the Subject Loan and following her death the personal representative of Knott's estate continued to make payments between 2006 and 2011. After Appellant inherited the Property, he stopped making payments and the Subject Loan defaulted. On April 25, 2016, Western Progressive recorded a Notice of Trustee's Sale. Since 2016, Appellant has filed numerous actions in Federal Court, State Court, and Bankruptcy Court to prevent foreclosure on the Property.

---

[3] The background on the Subject Loan is taken from Appellees' briefing (Docs. 17, 18). *See* Fed. R. Bankr. P. 8014(b).

**B. Bankruptcy Proceedings and Appeal**[4]

On August 6, 2021, Appellant commenced bankruptcy proceedings. (DE 1.) On October 11, 2021, the Trust filed Proof of Claim #4 ("POC") in Appellant's bankruptcy case, asserting a secured claim for $173,808.84. (Claims Register, case no. 4:21-bk-06099-SHG, at POC #4). Josephine E. Salmon signed the POC as attorney for the Trust and indicated she was employed at Aldridge Pite, LLP. (POC at 3.) The Trust provided, through Aldridge Pite, LLP and Josephine Salmon, the relevant proof of claim figures and supporting loan documents to prepare and file the POC. (*See* POC #4 at Doc. 4-1.) On October 15, 2021, Appellant filed his objection to POC #4. (DE 43.) The Bankruptcy Court held a hearing on December 14, 2021. (DE 59.) Because it appeared that Appellant sought to avoid the lien on the Property, arguing that such lien was invalid and unenforceable, the Bankruptcy Court instructed Appellant to file an advisory complaint under Fed. R. Bankr. P. 7001(2). (DE 59.)

Appellant filed his Complaint on January 31, 2022. (Adv. DE 1.) In addition to naming the Trust, Appellant also named Aldridge Pite, LLP and Josephine Salmon as defendants claiming they did not represent the Trust and that they were engaged in a scheme to defraud Appellant. (Adv. DE 1.) On February 28, 2022, the Trust and Wells Fargo Bank, N.A. moved to dismiss the Complaint. (Adv. DE 6, 7.) On March 3, 2022, Aldridge Pite, LLP, and Josephine E. Salmon filed a separate motion to dismiss and a joinder in the Trust's motion. (Adv. DE 8.)

At the May 19, 2022 oral argument, (Adv. DE 63), Appellant clarified that he was not asserting a claim against the Trust but pursuing claims against Aldridge Pite, LLP and

---

[4] Appellant's Opening Brief does not contain a comprehensible statement of facts or citations to the record. *See* Fed. R. Bankr. P. 8014(a)(6). Appellant's noncompliance alone warrants dismissal. *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190–91 (9th Cir. 2003) (explaining where procedural deficiencies are numerous and egregious dismissal for noncompliance is proper without an explicit consideration of alternative sanctions). In *Morrissey*, the reviewing court found that the bankruptcy appeal violated Fed. R. Bankr.P. 8010 because it lacked an "intelligible statement of the issues presented or the applicable standard of appellate review," and "essential citations to the authorities, statutes and parts of the record relied on." *Id.* at 1189 (internal quotations omitted).

Josephine Salmon. (Adv. DE 75 at 13.) Because he had never previously sued Aldridge Pite, LLP or Josephine Salmon, Appellant argued that claim preclusion was inapplicable in the underlying adversary proceeding. (Adv. DE 75 at 13.) The Bankruptcy Court disagreed and on July 25, 2022, it dismissed with prejudice the Complaint and overruled the objection to Proof of Claim #4. (DE 75, 76.)

Appellant timely appealed and a certificate of readiness issued on August 8, 2022. (Docs. 1, 2, 4.) This Court set a briefing schedule and ordered Appellant's opening brief due on or before October 10, 2022. (*See* Doc. 7 at 3.) After a deadline extension, (Doc. 10), Appellant filed his opening brief on November 9, 2022. (Doc. 14.) Appellees Wells Fargo Bank, N.A. and Aldridge Pite, LLP & Josephine E. Salmon timely filed their respective answering briefs on November 22 and 23, 2022. (Docs. 17, 18.) Appellant's Replies were due initially on December 6 and 7, 2022. (*See* Doc. 7 at 3.) On December 8, 2022, after his deadlines had elapsed, Appellant sought a 60-day extension to file his replies which this Court denied in part. (Docs. 22, 23.) The Court ordered Appellant to file his Replies on or before December 29, 2022. (Doc. 23 at 2.) On December 27, 2022, Appellant filed five emergency motions and requested *inter alia* additional time to file his replies. On January 4, 2023, the Court ordered Appellant's replies due on or before January 6, 2023. (*See* Doc. 31 at 6.) Appellant did not file any replies.

**II.   MOTIONS TO RECONSIDER**

To the extent Appellant moves this Court to reconsider its January 4, 2023 Order setting Appellant's reply deadlines, the Court finds no grounds to grant reconsideration and denies the motions. On January 6, 2023, Appellant filed two motions: (1) "Appellant: Emergency Motions A) for Rule 59 e to Reconsider Jan 4th 2023 Orders B) For Injunction to Stay Proceedings and Sale Rule 65 C) for Oral Hearing and Set Hearing to discuss 59 e /65" (Doc. 33) and (2) "Appellants: Emergency Motions for Hearing and to Set Hearing re Rules 59e /65" (Doc. 32). The Court construes portions of these motions as motions to reconsider the Court's January 4, 2023, Order, (*see* Doc. 31), and addresses them below. To the extent Appellant seeks injunctive relief, the Court considers those arguments in a

separate section. *See supra* Part IV.

### A. Legal Standard

There are four basic grounds on which to grant a reconsideration motion under Rule 59(e): (1) "to correct manifest errors of law or fact"; (2) to consider "newly discovered or previously unavailable evidence"; (3) "to prevent manifest injustice"; or (4) to address "an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations and internal quotation marks omitted); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

### B. Analysis

Appellant asserts that he is "opposing all jan 4th 2023 orders" and asks this Court to consider "newly discovered or previously unavailable evidence." (Doc. 33 at 2.) In support, Appellant offers an article, (Doc. 33-1 at 10), entitled "CFPB Orders Wells Fargo to Pay $3.7 Billion for Widespread Mismanagement of Auto Loans, Mortgages, and Deposit Accounts" from the Consumer Financial Protection Bureau to show that "Wells Fargo has committed illegal acts and mortgage fraud recently and in the past." (*Id.*) The article reports that Wells Fargo costumers lost their homes to wrongful foreclosures because of improperly denied mortgage loan modifications. (*Id.*) Appellant, however, fails to explain how this article has any bearing on his appeal, on the underlying Property, or the January 4, 2023 Order. Appellant does not argue that the investigation referenced in the article concerned, involved, or influenced the Property, or that the article's subject matter has any material bearing on the underlying appeal. Appellant offers conclusory statements, conjecture, and his opinion that "this new evidence directly effects (*sic*) my case in this court." (Doc. 33 at 2.) Appellant also reasserts many of the arguments made in his opening brief, ultimately contending that "i [sic] Can not [sic] write a Reply Brief for a Answering brief that has no legal Standing." (Doc. 33 at 1.)

Appellant fails to establish any grounds to grant reconsideration. He also does not

explain or justify his failure to file replies before the deadline. It appears Appellant's intent is to improperly delay a resolution on the merits. The motions for reconsideration are denied. Because the reply deadlines for Appellant have twice elapsed, the appeal is now ripe for consideration.

**III.   BANKRUPTCY APPEAL**

The Court affirms the Bankruptcy Court's Judgment and Memorandum Decision and finds no clear error in its factual findings and finding, and, after de novo review, finds Appellant's claims are barred, he lacks standing to raise his claims, his claims fail as a matter of law, and his remaining arguments are without merit.

The Bankruptcy Court made the following findings of fact and law. It took judicial notice of orders and judgments entered in related actions by other courts in considering the Subject Loan and lien.[5] In so doing, it found: (1) the undisputed facts established that Appellant inherited real property from his mother after she borrowed sums under the HELOC and voluntarily secured the debt with the Property; (2) Appellant obtained title to the Property through a Deed of Distribution that was subject to all encumbrances; (3) the Subject Loan was in default and, as of January 2, 2020, the amount due and owing was $140,444.87; and (4) the Trust, as the holder of the HELOC and the beneficiary of the Deed of Trust, had the legal right to initiate a trustee sale. (Doc. 1 at 14–17; Adv. DE 75 at 6–9.) The Bankruptcy Court determined that claim preclusion barred Appellant's Complaint. It also determined that Aldridge Pite, LLP and Josephine E. Salmon filed the POC in their representative capacity on behalf of the Trust and, by doing so, they did not assert a lien or

---

[5] Those previous actions include: (1) *McCune v. PHH Mortg.*, 4:19-cv-00525-CKJ (D. Ariz. filed Oct. 30, 2019); (2) *McCune v. Nova Home Loans*, 4:19-cv-00600-RM (D. Ariz. filed Dec. 27, 2019); (3) *McCune v. Ocwen Loan Servicing LLC*, 4:19-cv-00589-SHR (D. Ariz. filed Dec. 19, 2019); (4) *McCune v. PHH Mortg. Corp., et al.*, Case No. 20195500 (Pima Co. Sup. filed Nov. 1, 2019); (5) *In re Mark McCune*, Case No. 18-00838 (Arizona Bankruptcy Court, District of Arizona); (6) United States Bankruptcy Court for the District of Arizona Adversary Proceeding Case No. 4:19-ap-00273-SHG; (7) United States Bankruptcy Court for the District of Arizona Adversary Proceeding Case No. 4:19-ap-00388-SHG.

security interest in the Property. (Doc. 1 at 24–25; Adv. DE 75 at 16–17.) Because Appellant failed to raise any plausible evidence or legal theory supporting his claims that either Aldridge Pite, LLP or Josephine E. Salmon filed false documents or otherwise engaged in fraudulent behavior, it also determined that Appellant's claims failed as a matter of law. (Doc. 1 at 25–28; Adv. DE 75 at 17–20.) On appeal, Appellant disputes the Bankruptcy Court's factual findings and argues that it failed to consider exhibits and evidence supporting the theories presented in the Complaint. (Doc. 14 at 6–7.)

**A. Legal Standard**

A district court functions as an appellate court when reviewing a bankruptcy court's orders. Jurisdiction is proper under 28 U.S.C. § 158(a)(1) ("district courts of the United States shall have jurisdiction to hear appeals ... from final judgments, orders, and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title"). On appeal "the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

The Bankruptcy Court's conclusions of law are reviewed de novo, "including its interpretation of the Bankruptcy Code," and its factual findings are reviewed for clear error. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005); *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005). The Bankruptcy Court's factual findings are clearly erroneous only if the findings "leave the definite and firm conviction" that the bankruptcy court made a mistake. *In re Rains*, 428 F.3d at 900. "A bankruptcy court abuses its discretion if it applies the law incorrectly or if it rests its decision on a clearly erroneous finding of a material fact." *In re Brotby*, 303 B.R. 177, 184 (9th Cir. BAP 2003); *see also In re Plyam*, 530 B.R. 456, 461 (9th Cir. BAP 2015) ("A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record.").

///

### B. Analysis

#### 1. The Bankruptcy Court's factual findings were not clearly erroneous

Appellant argues that the Bankruptcy Court failed to permit discovery, compel disclosure, or verify existing evidence that would have corroborated Appellant's theories. (*Id.*) In support of his arguments Appellant invokes Fed. R. Bankr. P. 3001, 7001, 8001, Federal Rule of Evidence 901, and Federal Rules of Civil Procedure 26 and 27. (Doc. 14 at 4, 11.) Reviewing the record as a whole, the Court concludes that the Bankruptcy Court's findings are not clearly erroneous because Appellant failed to meet the burden of production.

Generally, a Rule 12(b)(6) inquiry is limited to the allegations set forth in the complaint, although the court is permitted to consider items properly subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). When the complaint's allegations are at odds with matters that are properly the subject of judicial notice, the court need not accept those allegations as true when considering a motion to dismiss. *See Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

The Bankruptcy Court properly determined that Appellant's claims were incompatible with judgments from Appellant's other proceedings. Evidence plays no role in the resolution of a motion to dismiss because such motions examine only the sufficiency of allegations and legal theories set forth in the complaint. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d at 1121-22. The Court properly took judicial notice of decisions rendered by the Pima County Superior Court and the Arizona District Court that previously determined the note and deed of trust were enforceable under state law. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks and citation omitted) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment."); Fed. R. Evid. 201(b) ("a court may not take judicial notice of a fact that is 'subject to reasonable dispute'"). The existence and authenticity of these orders and judgments are not reasonably subject to dispute, and as explained more fully below, barred Appellant's claims.

The Bankruptcy Court also properly determined that the Trust was entitled to the presumption of prima facie validity on its proof of claim and in the amount stated. *See* Rule 3001(f) ("Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.") To overcome this presumption, Appellant was required to present evidence "show[ing] facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). If an objector meets that burden of production, the claimant must then produce evidence to prove the validity of the claim because the ultimate burden of persuasion is always on the claimant. *In re Holm*, 931 F.2d 620, 623 (9th Cir.1991). Here, the Trust attached to POC #4 the note and deed of trust under Fed. R. Bankr. P. 3001(c)(1) and evidence showing the security interest was perfected under Fed. R. Bankr. P. 3001(d). (*See* POC #4 at Doc. 4-1.) Appellant relied on a spreadsheet purportedly showing $0 was past due. (Doc. 1 at 23; Adv. DE at 15.) The Bankruptcy Court found Appellant's interpretation of the spreadsheet was incorrect, and that the "remainder of the documents that [Appellant] attached to his Complaint and to his oppositions to the Motions do not provide any evidentiary support, nor do they establish any legal basis for his contention that the Subject Loan was paid off." (Doc. 1 at 23; Adv. DE at 15.) Because Appellant failed to meet the burden of production, the Bankruptcy Court did not err in finding that the Trust was entitled to prima facie evidentiary status on its proof of claim.

### 2. The Bankruptcy Court did not commit legal error[6]

The Bankruptcy Court committed no legal error because Appellant's claims were already litigated in 2020 and because they fail to state a legal basis for relief. Dismissal with prejudice was warranted because amendment would have been futile. Appellant's

---

[6] Appellant fails to address the Bankruptcy's Court's dismissal for lack of standing. As a result, Appellant has waived this issue on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

remaining arguments are unpersuasive.

### i. Claim Preclusion

This Court finds no identifiable error in the Bankruptcy Court's application of claim preclusion. Generally, parties may not contest matters they have already had a full and fair opportunity to litigate. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation omitted). This doctrine promotes the dual purpose of protecting litigants and promoting judicial economy. *See, e.g.*, *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (citation omitted). The doctrine has two aspects, "issue preclusion" and "claim preclusion." *Taylor*, 553 U.S. at 892. Under Arizona law, claim preclusion bars a claim when the prior litigation "(1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Howell v. Hodap*, 221 Ariz. 543, 546, ¶ 17 (App. 2009) (internal citation omitted). The same claim means the two suits "arise from the same transactional nucleus of facts." *Id.* at 547, ¶ 19 (internal citation omitted).

The Bankruptcy Court found that Appellant's claims were precluded because they were identical to the claims litigated and decided before the Arizona District Court in 2020. Doc. 1 at 14–17; Adv. DE 75 at 6–9; *See McCune v. PHH Mortgage*, Case No. 4:19-CV-00525 at Docket No. 70 (filed on April 8, 2020) (the "2020 Dismissal Order"). Then, as in the underlying appeal, Appellant asserted that no debt existed and thus no valid lien on the Property existed. In the 2020 Dismissal Order, the District Court rejected Appellant's claims that he inherited the Property with zero debt in 2011 or that the Subject Loan was paid off in 2003. (2020 Dismissal Order, Doc. 70 at 2.) The District Court determined that Appellant obtained title to the Property through a Deed of Distribution in 2011, "subject to all encumbrances thereon," including a defaulted Subject Loan with the amount due and owing $140,444.87 as of January 2, 2020. (*Id.*) The District Court also considered and dismissed with prejudice Appellant's fifteen claims that challenged the validity of the lien.[7]

---

[7] The 2020 Dismissal Order was subsequently affirmed by the Ninth Circuit Court of Appeals in No. 20-15839.

- 10 -

(*Id.*) Many of these claims are similar to those raised in the Complaint, for example: (1) [the] "second, tenth, and eleventh claims state that [PHH Mortgage] has never provided an accounting, validation of debt, or pay off statement for the Property"; (2) the third and fourth claim state that "[PHH Mortgage] does not own any loan, debt, or deed of trust on the Property"; and (3) "Wells Fargo does not have a loan on [the Property]." (2020 Dismissal Order, Doc. 70 at 4–5.) In both actions, Appellant offered various fraud theories to challenge the Subject Loan, the Subject Loan's transfer to the Trust, and the lien's validity. On appeal, Appellant fails to specifically address how the Bankruptcy Court erred in its rationale and, instead, repeats his arguments that the lien is invalid. (*See generally* Doc. 14.) Appellant cannot genuinely assert a failure of opportunity in the underlying action or in his 2020 case. As such, claim preclusion applies and bars all claims resolved in the 2020 Dismissal Order.

### ii. Failure to State Claims

This Court also agrees that Appellant fails to state any legally cognizable claims for relief in his Complaint. When reviewing an order granting a Civil Rule 12(b)(6) motion, made applicable in adversary proceedings by Fed. R. Bankr. P. 7012, the reviewing court considers the legal sufficiency of the complaint. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008). The reviewing court must assess whether the complaint presents a cognizable legal theory and whether it contains sufficient factual allegations to support that theory. *Id.* Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)).

The Complaint is both verbose and wandering—for example, Appellant conflates the term "count" with "cause of action," he lists multiple theories under singular counts, he repeats claims, and his numeration is inconsistent—nonetheless this Court construes Appellant to plead the following claims: (1)"Objection to Extent, Validity, and Priority of Alleged Liens, Claims, and Security Interest" and "Violation of Arizona Laws and Deed

of Trust Statutes"; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Statutory Consumer Fraud, Fraud, Fraud and Misrepresentation of Real Party in Interest, Fraudulent Misrepresentation, Slander of Title; (4) Negligent Misrepresentation; (5) Breach of Fiduciary Duty; (6) Failure to disclose debt calculation under the Truth in Lending Act; (7) Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (8) Failure to provide accurate accounting, title transfers, and loan information; under Real Estate Settlement Procedures Act; (9) Breach of contract; (10) Fraudulent Concealment, Constructive Fraud; (11) Conspiracy; and (12) Quiet Title. (*See* Adv. DE 1 at 6–19.)

As to claims (1) through (5), and (12), Appellant lacks standing to challenge the validity of the recorded assignments or the lien. Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or "show the notes" before the trustee may commence a non-judicial foreclosure. *Hogan v. Washington Mut. Bank, N.A.*, 230 Ariz. 584, 585 (2012); *see also Campbell v. California Reconveyance Co.*, No. CV-11-00180-PHX-DGC, 2012 WL 5299099, at *2 (D. Ariz. Oct. 25, 2012) ("Federal courts have held that borrowers do not have standing to challenge assignments of deed of trust related to their loans"). As such, Appellant offers no facts to support a cognizable legal theory.

As to claims (2), (5), and (9), Appellant alleges that Appellees Aldridge Pite, LLP and Josephine Salmon breached their duty of good faith because of their actions related to the Subject Loan. Appellees do not have a contractual relationship with Appellant and therefore have no implied duty of good faith and fair dealing. Because no contractual relationship exists, Appellant cannot prevail on his claims sounding in contract. *See Kennedy v. Chase Home Finance, LLC*, No. CV 11–8109, 2012 WL 1132785 at *4 (D. Ariz. Apr. 4, 2012).

As to claims (3), (4), (10), and (11), Appellant did not sufficiently plead the essential elements of fraud that requires a heightened pleading standard. *See* Ariz. R. Civ. P. 9(b) ("In alleging fraud ... a party must state with particularity the circumstances constituting fraud."). Moreover, there are no allegations that would support reasonable reliance on any

alleged representations made by the Trust or parties. Appellant offers no facts to support a cognizable fraud or conspiracy.

As to claims (6), (7), and (8), Appellant lacks standing to bring claims under TILA, RICO, or RESPA, as he is neither the signatory to the Subject Loan or purchaser of the Property. *See e.g., Cabrera v. Countrywide Fin.*, No. C 11–4869 SI, 2012 WL 5372116, at *8 (N.D. Cal. Oct. 30, 2012) (finding plaintiff had community property rights in her home, she lacked standing to bring civil RICO claims because she was not a signatory to the loan); *Thomas v. Guild Mortg. Co.*, No. CV 09–2687–PHX–MHM, 2011 WL 676902, at *4 (D. Ariz. Feb. 23, 2011) (finding plaintiff's daughter, and not the plaintiff, was a party to the loan, and therefore the plaintiff lacked standing to bring TILA, RESPA, Home Ownership and Equity Protection Act, and civil RICO claims arising from the defendant's foreclosure on property securing that loan); *Brockington v. J.P. Morgan Chase Bank, N.A.*, No. C–08–05795 RMW, 2009 WL 1916690, at *2–3 (N.D. Cal. July 1, 2009) (finding plaintiff did not have standing to challenge the defendant's conduct in connection with that loan because the plaintiff was not a party to the loan); *Cleveland v. Deutsche Bank Nat'l Trust Co.*, No. 08cv0802 JM(NLS), 2009 WL 250017, at *2 (S.D. Cal. Feb. 2, 2009) (finding plaintiff's wife, and not the plaintiff, was the "borrower" on the loan, the plaintiff did not have standing to assert claims for violation of TILA, injunctive relief, statutory damages, fraud, accounting, cancellation of instruments, quiet title, and declaratory relief based on the defendants' foreclosure on property securing that loan).

### iii. Denial of Leave to Amend

This Court agrees that dismissal with prejudice was warranted. Under Fed. R. Civ. P. 15, made applicable in adversary proceedings by Fed. R. Bankr. P. 7015, "[i]n dismissing for failure to state a claim, a [bankruptcy] court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Appellant did not seek leave to amend, nor has he raised this issue on appeal. As such, he has forfeited

any argument regarding amendment. *See Smith*, 194 F.3d at 1052. But even if the Court considered the issue on appeal, there are no conceivable facts that would make his claims viable as asserted against Aldridge Pite, LLP or Josephine Salmon. Therefore, the Court agrees with the Bankruptcy Court's determination that dismissal with prejudice was warranted as amendment would have been futile.

### 3. Appellant's remaining arguments are without merit

The Court rejects Appellant's remaining arguments as unpersuasive because the Bankruptcy Court did not need to recuse itself and properly retained jurisdiction over Appellant's case.

First, Appellant argues the Bankruptcy Court erred by failing to recuse itself. (Doc. 14 at 14.) Recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *In re Yagman*, 796 F.2d 1165, 1179 (9th Cir.1986) (applying 28 U.S.C. § 455 and finding that plaintiff had not shown any actual bias or likelihood of bias). The denial of recusal is reviewed for abuse of discretion. *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir.1993) (proceedings in prior matter did not establish judicial bias or appearance of bias). Here, an unfavorable ruling is not bias and there is no evidence that supports Appellant's claims. The Bankruptcy Court did not abuse its discretion by failing to recuse itself.

Second, Appellant argues that the Bankruptcy Court lacked jurisdiction to issue its Judgment and Memorandum Decision on July 25, 2022. (Doc. 14 at 19.) On May 5, 2022, Appellant filed a Notice of Appeal in *McCune v. Aldridge Pite LLP, et al.*, No. CV-22-232-TUC-JCH and *McCune v. Kerns*, No. CV-22-00231-TUC-JCH. In determining whether to grant Appellant leave to appeal the Bankruptcy Judge's interlocutory orders, this Court considered the standards set forth in 28 U.S.C. § 1292(b). Finding the standards unmet, this Court dismissed the Notice of Appeal in both matters on July 12, 2022; Judgment was entered on the same date. *McCune v. Aldridge Pite LLP, et al.*, No. CV-22-232-TUC-JCH, Docs. 12, 13 (resolving both matters). An appeal from a bankruptcy court's final order divests the bankruptcy court of its jurisdiction to enter certain orders, *In re*

*Padilla*, 222 F.3d 1184, 1189 (9th Cir. 2000), but that same result is not achieved when an interlocutory order is appealed absent a stay of the proceedings. *In re Sherman*, 491 F.3d 948, 967 (9th Cir. 2007). Here, Appellant did not obtain a stay of proceedings following his Notice of Appeal filing, nor did the District Court assert jurisdiction over the interlocutory appeal. Therefore, the Bankruptcy Court properly retained jurisdiction to enter the Judgment and Memorandum Decision on July 25, 2022.

## IV.   INJUNCTIVE MOTIONS

Lastly, the Court will deny Appellant's injunctive motions because they are not properly before the Court and because, in the alternative, they lack merit under Fed. R. Civ. P. 65. Ancillary to his appeal, Appellant filed four separate emergency motions for injunctive relief: Doc. 15 (filed November 9, 2022), Doc. 29 (filed December 28, 2022) and Docs. 32 and 33 (filed January 6, 2023). Each motion is functionally identical and substantively copied and pasted from the first motion. Although many of the alleged sales dates have elapsed, the Court understands Appellant to request an injunction against any future trustee sale of the Property. Appellees did not file responses to any of the injunctive relief motions.

Generally, a bankruptcy petition triggers an automatic stay of any action to foreclose against the property. *See* 11 U.S.C. § 362. Here, however, there is no indication that Appellees have moved the Bankruptcy Court to lift the automatic stay, nor does Appellant assert that the Bankruptcy Court issued an order granting relief from the automatic stay. Because the Bankruptcy Court has not lifted the automatic stay under Section 362, this matter is not properly before this Court on appeal. *See* Fed. R. Bankr. P. 8007.

To the extent the motions seek injunctive relief separate from Section 362, Appellant must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); Fed. R. Civ. P. 65. Here, Appellant merely reasserts arguments previously rejected by the Bankruptcy Court and fails to meaningfully address

the *Winter's* factors. Appellant is unlikely to succeed on the merits because his claims are precluded and because he lacks standing to raise them; the balance of equities tips against Appellant as continued delay harms the Trust and prevents them from moving forward in their process; and Appellant fails to show that the injunction relief is in the public interest. To the contrary, Appellant's frustrated efforts are a transparent campaign to both prolong litigation indefinitely and actively undermine judicial economy. The injunctive relief motions are denied.

**V.    ORDER**

Accordingly,

**IT IS ORDERED AFFIRMING** both the Bankruptcy Court's Judgment and Memorandum Decision in their entirety. Under Federal Rule of Bankruptcy Procedure 8024(a), the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED DENYING** all other pending motions.

Dated this 1st day of February, 2023.

_____
Honorable John C. Hinderaker
United States District Judge